UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAURENE M. REICHARDT,

      Plaintiff,

v.               3:14-CV-1304
                 (GTS/WBC)
CAROLYN W. COLVIN
Acting Commissioner of Social Security,

      Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HINMAN, HOWARD & KATTELL<br>P.O. Box 5250<br>80 Exchange Street<br>700 Security Mutual Building<br>Binghamton, NY 13902-5250 | BRENT M. WHITING, ESQ.<br>JEFFREY A. JAKETIC, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>– REGION II<br> Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | ANDREEA L. LECHLEITNER, ESQ.<br>JEREMY A. LINDEN, ESQ. |

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

  Currently before the Court, in this Social Security action filed by Laurene M. Reichardt, against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter, recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's objections to the Report and Recommendation. (Dkt. Nos. 14-15.) For the reasons set forth below, the Report and Recommendation is accepted and adopted.

**I.     PLAINTIFF'S OBJECTIONS**

Generally, Plaintiff makes three arguments in objection to Magistrate Judge Carter's Report and Recommendation.  First, Plaintiff essentially argues that the Court should reject Magistrate Judge Carter's findings that (1) the ALJ did not err in his step two determination, and (2) any error at step two was harmless.  (Dkt. No. 15 at 1-2.)  More specifically, Plaintiff argues that the ALJ erred by failing to find that Plaintiff had additional severe impairments at step two, specifically Plaintiff's anxiety, depression, irritable bowel and bladder control problems, reflex sympathetic dystrophy (RSD), hypothyroidism, hypertension, high cholesterol, high triglycerides, heart palpitations, asthma, allergies, acid reflux, GERD, and gout.  (*Id.*)  Plaintiff further argues that this error was not harmless because it influenced the extent that the ALJ analyzed these impairments in subsequent steps of the sequential process.  (*Id.* at 2.)

Second, Plaintiff essentially argues that the Court should reject Magistrate Judge Carter's findings that the ALJ's RFC determination and assessment of the opinion evidence were supported by substantial evidence.  (*Id.* at 2.)  More specifically, Plaintiff argues that the ALJ should have afforded greater weight to the opinions of (1) Plaintiff's attending physicians, including Dr. Oven, Dr. Njoku, and Dr. Vogel, and (2) social worker, Ms. Kman, in determining the RFC.  (*Id.* at 2.)

Third, Plaintiff essentially argues that the Court should reject Magistrate Judge Carter's finding that the ALJ properly determined that Plaintiff could perform her past relevant work at step four because this finding was based on an erroneous RFC.  (*Id.*)  Within this argument, Plaintiff argues that Magistrate Judge Carter erred in stating that Plaintiff did not argue that the ALJ erred in finding that Plaintiff could perform her past relevant work at step four.  (*Id.*)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## III. ANALYSIS

The Court finds that Plaintiff's objections primarily restate arguments presented in her initial brief. (*Compare* Dkt. No. 15 *with* Dkt. No. 7.) To the extent that Plaintiff's third objection raises a specific objection to Magistrate Judge Carter's finding, the Court reviews this portion of the Report and Recommendation *de novo.* Regarding Plaintiff's argument that Magistrate Judge Carter erred in stating that Plaintiff did not argue that the ALJ erred in finding that Plaintiff could perform her past relevant work at step four, Plaintiff's point is well taken. (Dkt. No. 7, at 12 [Pl.'s Mem. of Law].) However, Magistrate Judge Carter properly analyzed the ALJ's step four determination nonetheless, and found that the ALJ properly found that Plaintiff could perform her past relevant work. (Dkt. No. 14, at 22-23.) Accordingly, the misstatement of Plaintiff's argument does not require remand under the circumstances.

The Court finds that the balance of Plaintiff's objections merely reiterate arguments presented in her initial brief. (*Compare* Dkt. No. 15 *with* Dkt. No. 7.) Therefore, the Court reviews the portions of Magistrate Judge Carter's Report and Recommendation addressed in Plaintiff's first and second objections for clear error only. After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. (Dkt. No. 14.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 14) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: June 23, 2016
       Syracuse, New York

                                                  Hon. Glenn T. Suddaby
                                                  Chief U.S. District Judge